# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 15, 2012

## ALAN RAY HALL v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5533      Robert E. Cupp, Judge**

---

**No. E2012-00430-CCA-R3-HC - Filed July 16, 2012**

---

The petitioner, Alan Ray Hall, filed a petition for habeas corpus relief from his conviction of first degree murder, contending that the trial court erroneously advised him during the plea proceedings that he was potentially eligible for release after service of twenty-five years of his life sentence.  The habeas corpus court dismissed the petition, finding that the issue was previously determined, that the judgment was not void, and that the sentence had not expired.  The petitioner appeals this ruling.  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Alan Ray Hall, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

This court previously summarized the history of the petitioner's case as follows:

> On April 30, 1996, pursuant to a plea agreement, the petitioner . . . pled guilty in the Sullivan County Criminal Court to first degree murder, especially aggravated robbery, especially aggravated burglary, aggravated burglary, theft over $1000, and

possession of burglary tools. The trial court sentenced the petitioner to life imprisonment in the Tennessee Department of Correction for the first degree murder conviction, fifteen years incarceration for the especially aggravated robbery conviction, twelve years incarceration for the especially aggravated burglary conviction, six years incarceration for the aggravated burglary conviction, four years incarceration for the theft conviction, and eleven months and twenty-nine days incarceration for the possession of burglary tools conviction. The trial court ordered the petitioner to serve his sentence for especially aggravated burglary consecutively to his first degree murder sentences . . . for a total effective sentence of life plus twelve years. . . . [O]n September 15, 1999, the trial court . . . entered an order correcting the judgment to reflect that the petitioner would be required to serve one hundred percent (100%) of his especially aggravated robbery conviction in confinement.

Alan Hall v. State, No. E2000-01522-CCA-R3-PC, 2001 WL 543426, at *1 (Tenn. Crim. App. at Knoxville, May 23, 2001). Subsequently, the petitioner filed a petition for post-conviction relief, maintaining that the trial court erroneously advised him regarding release eligibility. Id. The post-conviction court dismissed the petition as untimely. Id. On appeal, this court upheld the dismissal of the post-conviction petition. Id.

Thereafter, in 2006 the petitioner filed a petition for habeas corpus relief, alleging "that his life sentence is void because he was erroneously advised that he would be eligible for release after twenty-five years." Alan Ray Hall v. Howard Carlton, Warden, No. E2007-00458-CCA-R3-HC, 2007 WL 3145005, at *1 (Tenn. Crim. App. at Knoxville, Oct. 29, 2007). The habeas corpus court dismissed the petition, finding that the petitioner's claims would render his sentence voidable, not void. Id. On appeal, this court affirmed the dismissal of his habeas corpus petition. Id.

On November 5, 2009, the petitioner filed a second petition for habeas corpus relief, again alleging that he is serving an illegal sentence for his first degree murder conviction because the trial court advised him at the guilty plea hearing that he would be eligible for release after twenty-five years. The habeas corpus court dismissed the petition, finding that the petitioner's claim had been previously determined. Further, the court found that the petitioner's judgment was not void and that his sentence had not expired. On appeal, the petitioner challenges this ruling.

## II.  Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law.  Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007).  As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal."  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief.  See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired."  Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101.  In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable.  Taylor, 995 S.W.2d at 83.  "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.'  We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal."  Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

In the petitioner's appeal of the dismissal of his first habeas corpus petition, this court stated:

> The judgment reflects that the petitioner received a life sentence for first degree murder, a punishment prescribed by statute.  See [Tenn. Code Ann. §] 39-13-204(a).  The judgment properly designates "First Degree Murder" for offender classification, and the judgment does not contain any notation regarding purported terms of the plea agreement relative to release eligibility. *The sentence, as imposed by the judgment, is a legal sentence and therefore is not void*.  See Archer[v. State], 851 S.W.2d [157, 163 (Tenn. 1993)] (holding that habeas corpus relief is available for relief from void and not voidable judgments).
>
> The allegation that the petitioner was not properly advised of the release eligibility for a life sentence and that he would not have accepted the plea agreement had he known the

advice he received was erroneous states a claim of a voidable, not a void, judgment. <u>Douglas L. Brown v. State</u>, No. E2004-02496-CCA-R3-HC, [2005 WL 1130223, at \*1] (Tenn. Crim. App. [at Knoxville,] May 13, 2005) (holding that "claims of involuntary or unknowing guilty pleas [and] nonconformity of the judgments with the plea agreement . . . would render the judgments voidable and not void"). Although the transcript of the plea submission hearing supports the petitioner's claim that he was erroneously advised of the release eligibility provision, the other component of his claim is that he would not have pleaded guilty had he known otherwise. "When a petitioner must offer proof beyond the record to establish the invalidity of a conviction, the judgment is merely voidable and not void." <u>Summers v. State</u>, 212 S.W.3d 251, 258 (Tenn. 2007) (citing <u>State v. Ritchie</u>, 20 S.W.3d 624, 630-31 (Tenn. 2000)).

<u>Hall</u>, No. E2007-00458-CCA-R3-HC, 2007 WL 3145005, at \*2 (emphasis added). We agree with the habeas corpus court that the petitioner's claim has been previously determined by this court. <u>See</u> <u>Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.</u>, 975 S.W.2d 303, 306 (Tenn. 1998) (stating that "under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal").

### III.  Conclusion

Finding no error in the habeas corpus court's ruling that the petitioner's claim was previously determined and did not entitle him to habeas corpus relief, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE

-4-